United States District Court
Southern District of Texas
**ENTERED**
September 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-13-101 |
| | § | |
| TERRANCE D. JACKSON | § | (Civil Action No. H-16-2442) |

## **MEMORANDUM AND ORDER**

Defendant Terrance D. Jackson has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 156], seeking to have his conviction and sentence vacated and citing *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).  Neither the *Johnson* decision nor its reasoning apply to Defendant's conviction and sentence for aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d).  As a result, the § 2255 Motion is **denied**.

### **I.   BACKGROUND**

On February 20, 2013, Defendant was charged by Indictment [Doc. # 1] with one count of aggravated bank robbery in violation of 18 U.S.C. § 2113.  On July 1, 2013, Defendant entered a plea of guilty pursuant to a written Plea Agreement [Doc. # 75].  On December 13, 2013, Defendant was sentenced to 108 months in custody, a five-year term of supervised release, a $100 special assessment, and restitution in

the amount of $3,652.00.  *See* Judgment in a Criminal Case [Doc. # 135].  Defendant did not pursue a direct appeal of his conviction and sentence.

On June 27, 2016, Defendant filed his § 2255 Motion [Doc. # 156].  Defendant argues that his conviction and sentence should be vacated pursuant to the Supreme Court's *Johnson* decision because "bank robbery is no longer a crime of violence." *See* § 2255 Motion, p. 13.

**II.    ANALYSIS**

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.[1]  The *Johnson* decision regarding the constitutionality of the residual clause of the ACCA does not apply in this case, however, because Defendant was not convicted or sentenced under the ACCA.  Indeed, unlike his Co-Defendants, Jackson was not charged, convicted or sentenced pursuant to 18 U.S.C. § 924(c) for brandishing a firearm in furtherance of a crime of violence.

Defendant was charged only with one count of aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d).[2]  Neither the *Johnson* decision nor its

---

[1]    The ACCA's residual clause defines a crime constituting a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

[2]    Federal law prohibits bank robbery by any person who, "by force and violence, or by
(continued...)

reasoning supports Defendant's § 2255 Motion to vacate his conviction and sentence for aggravated bank robbery. The Court, therefore, denies Defendant's § 2255 Motion.

## III.   **CERTIFICATE OF APPEALABILITY**

Any review of this Court's decision on Defendant's § 2255 Motion is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district

---

[2]   (...continued)
intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113(a). The statute prohibits aggravated bank robbery by any person who, "in committing, or in attempting to commit, any offense defined in [§ 2113(a)], assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d).

court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the full record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of Defendant's § 2255 Motion debatable or wrong. As a result, a certificate of appealability will not issue in this case.

### IV. <u>CONCLUSION AND ORDER</u>

Neither the Supreme Court's *Johnson* decision nor its reasoning supports Defendant's challenge to his conviction and sentence for aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Consequently, it is hereby

**ORDERED** that the Jackson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 156] is **DENIED**, and the corresponding civil action (H-16-2442) is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, this 6th day of **September, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE